**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GINO BUTLER, | :: | CIVIL ACTION NO. |
| GDC ID # 485405, Case No. 234591, | :: | 1:11-CV-00682-TWT-ECS |
| Petitioner, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| DAVID FRAZIER, | :: | PRISONER HABEAS CORPUS |
| THURBERT BAKER, | :: | 28 U.S.C. § 2254 |
| Respondents. | :: | |

**MAGISTRATE JUDGE'S ORDER**
**AND REPORT AND RECOMMENDATION**

Petitioner Gino Butler, currently confined at Washington State Prison in Davisboro, Georgia, challenges via 28 U.S.C. § 2254 the constitutionality of his January 13 and 20, 1989 convictions in DeKalb County, Georgia, and his resulting three life sentences. Butler has not submitted the five dollar filing fee, and, for the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**.

Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. See McFarland v. Scott, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face"); see also Day v. McDonough, 547 U.S. 198, 209-10 (2006) ("hold[ing] that district courts are permitted

. . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").[1] For the reasons set forth below, it is **RECOMMENDED** that Butler's habeas corpus petition be dismissed as time-barred.

The Georgia Court of Appeals affirmed Butler's convictions and sentences on March 15, 1990. Butler v. State, 392 S.E.2d 324 (Ga. Ct. App. 1990). In Butler's federal habeas petition, which he executed and filed on February 17, 2011, he informs the Court that he filed a state habeas petition on August 23, 2007, which petition is still pending. (Doc. 1 at 6; Doc. 1-1 at 4.) The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that an application for federal habeas review of a state court judgment of conviction be filed within one year of the latest of four possible dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] 28 U.S.C. §

---

[1] This Report and Recommendation constitutes fair notice to Butler that the undersigned finds his petition untimely. As indicated in the Service Order attached to this Report, Butler will have an opportunity to object to this finding, and the District Court will review any such objection *de novo*. See Fed. R. Civ. P. 72(b).

[2] The limitations period might also be triggered by the removal of a State impediment preventing the petitioner from filing his petition, by the Supreme Court's

2

2244(d)(1)(A). If, based on this rule, a judgment of conviction becomes final on or before the effective date of AEDPA, April 24, 1996, the federal limitations period begins to run on that date, as it did for the judgment of conviction at issue here. See Moore v. Campbell, 344 F.3d 1313, 1319-20 (11th Cir. 2003).

Absent statutory or equitable tolling, the federal limitations period expires one year later – in this case, on April 24, 1997. Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As noted above, Butler acknowledges in his federal habeas petition that he did not file an application for state post-conviction or other collateral review of his judgment of conviction until August 23, 2007, more than ten years after the federal limitations period expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (internal quotations omitted). Therefore, statutory tolling does not apply here.

---

recognition of a new constitutional right, or by the petitioner's discovery of the facts supporting one or more of his claims. 28 U.S.C. § 2241(d)(1)(B)-(D). However, there is no indication in the record that any one of these three triggers applies here.

3

Equitable tolling is an "extraordinary remedy" that "is typically applied sparingly" – when a petitioner establishes both "(1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable circumstances." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir.), modified on other grounds, 459 F.3d 1310 (11th Cir. 2006). The petitioner bears "the burden of establishing that equitable tolling [is] warranted." Pugh v. Smith, 465 F.3d 1295, 1300-01 (11th Cir. 2006).

In order to warrant equitable tolling, a federal habeas petitioner must demonstrate that he was diligent in pursuing his post-conviction remedies in the face of extraordinary circumstances.

> Equitable tolling can be applied to prevent the application of [the] statutory deadline when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition. Equitable tolling is an extraordinary remedy that must be applied sparingly. The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. A truly extreme case is required.

Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008) (citations and internal quotations omitted), rev'd on other grounds, 130 S. Ct. 398 (2009). Although Butler claims that his actual innocence is an extraordinary circumstance that justifies equitable tolling, his allegation of actual innocence is wanting, as set forth below. The

4

undersigned discerns no other basis for equitably tolling the limitations period in this case.

Nevertheless, a petitioner's "actual innocence" may lift the time bar that otherwise would prevent consideration of his federal habeas claims. See United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005). However, to establish "that constitutional error has caused the conviction of an innocent person," a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and he "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," id. at 327. See Johnson v. Singletary, 991 F.2d 663, 668 (11th Cir. 1993) (noting that evidence not presented at trial includes "evidence tenably claimed to have been wrongly excluded or to have become available only after the trial"); see also Milton v. Sec'y, Dep't of Corr., No. 08-15594, 2009 U.S. App. LEXIS 21679, at *6 (11th Cir. Oct. 1, 2009) (citing Bousley v. United States, 523 U.S. 614, 623 (1998), for proposition that "'actual innocence' means factual innocence, not mere legal insufficiency").

5

Butler's assertion of his actual innocence is based on evidence that, for the most part, was presented at his trial, but which did not convince the jury to acquit him. (See Doc. 1-2 ¶¶ 59-71.) Butler does allude to certain evidence that was excluded from his trial, namely, testimony about the information on a fingerprint card (see id. ¶¶ 19-21), but he has offered nothing to this Court to establish the significance of that evidence or to show that its admission more likely than not would have convinced a reasonable juror of his innocence, see Schlup, 513 U.S. 298 at 327. Therefore, Butler has not presented new reliable evidence of his actual innocence, previously unavailable, sufficient to lift AEDPA's time bar. See Montano, 398 F.3d at 1284-85. Accordingly, Butler's federal habeas petition is due to be dismissed as untimely.

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to" a habeas petitioner. Rule 11(a) of the Rules Governing Section 2254 Cases (also providing that "[i]f the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22").

6

A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v . McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, as here, a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, _, 129 S. Ct. 681, 684 n.3 (2009) (internal quotations omitted) (citing Slack, 529 U.S. at 484).

7

It does not appear that jurists of reason could debate whether Butler's federal habeas petition – which he executed on February 17, 2011, almost fourteen years after the federal limitations period expired on April 24, 1997 – deserves merits review based on extraordinary circumstances that justify equitable tolling of the limitations period or based on Butler's actual, factual innocence of his crimes of conviction.

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** Butler's petition for a writ of habeas corpus [1] as untimely and **DENY** him a certificate of appealability.

The Clerk **SHALL** terminate the referral to the Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this 31st day of March, 2011.

> */s/ E. Clayton Scofield III*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GINO BUTLER, | :: | CIVIL ACTION NO. |
| GDC ID # 485405, Case No. 234591, | :: | 1:11-CV-00682-TWT-ECS |
|    Petitioner, | :: | |
| | :: | |
|    v. | :: | |
| | :: | |
| DAVID FRAZIER, | :: | PRISONER HABEAS CORPUS |
| THURBERT BAKER, | :: | 28 U.S.C. § 2254 |
|    Respondents. | :: | |

**ORDER FOR SERVICE OF REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Attached is the Report and Recommendation of the undersigned Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rules 72.1 and 58.1. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of receipt of this Order. Fed. R. Civ. P. 72(b); Rule 8(b), Rules Governing Section 2254 Cases. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the

AO 72A
(Rev.8/82)

transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to plain error review. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 31st day of March, 2011.

*/s/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE